IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02363-WDM-KMT

WILLIAM O'KELLY
    Plaintiff,

v.

META RAY, in her individual capacity;
GERALD A. MARRONEY, in his official capacity as
the State Court Administrator for the State of Colorado;
THOMAS QUINN in his official capacity as
the Director of Probation Services for the
Colorado State Judicial Branch.

    Defendants.

## STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c) and other applicable authorities, Plaintiff, William O'Kelly ("O'Kelly"), and Defendants, Meta Ray, ("Ray"), Thomas Quinn ("Quinn") and Gerald Marroney ("Marroney") (collectively "the Parties"), have agreed to, and shall be bound by the terms of this Stipulated Protective Order ("Protective Order") and shall be obligated to comply with the procedures, requirements, conditions and other terms and provisions set forth herein which shall apply to and govern the disclosure, production and use of confidential, proprietary and/or commercially sensitive documents, information and data or trade secrets and competitive business materials in relation to this litigation.

For good cause having been shown, IT IS HEREBY ORDERED:

1

1. <u>DEFINITIONS</u>

   A. "Discovery Material" shall mean and include any and all documents, information and data or other materials or things disclosed, produced or used in this litigation that are or may be claimed to constitute, contain, reference, or relate to any confidential records, personnel/employment records, medical records or information, or any other such information to which one party was granted access by another party with the intent, express or implied, that such information be protected from disclosure to third parties.

   B. "Protected Information" shall mean and include any and all "Discovery Material" which counsel to any party or other person subject to this Protective Order designates, in good faith, as confidential or otherwise subject to protection.

   C. The term "party," whether singular or plural, shall refer to Plaintiff and Defendants in this litigation.

   D. The term "person," whether singular or plural, shall refer to any third-party natural person, individual or entity other than any party herein.

   E. "Qualified Person(s)" shall mean and include:

   (1) Any Judge(s) or Magistrate(s) assigned to this case, personnel, clerks and staff of the Court, court reporters, video equipment operators at trial, hearing(s) or deposition(s), any special master appointed by the Court, any other judge(s) or judicial officers with competent jurisdiction over any stage or phase of any proceeding in this case or any appeal hereof, any authorized personnel, clerks and staff of any other trial court or any appellate court having competent jurisdiction, and any mediator appointed or retained to mediate any claims, defenses or issues in this case;

   (2) Counsel of record for the parties and employees of such counsel, whose access to Protected Information is necessary for the purposes of case investigation, analysis, management and preparation, pretrial discovery and other proceedings, trial, appeal(s), settlement, alternative dispute resolution procedures ("ADR"), mediation or arbitral processes, or administration of this litigation;

   (3) Other attorney(s) for a party actively participating in the case, his or her legal staff and outside legal advisors, whose access to Protected Information is necessary for the purposes of case investigation, analysis, management and preparation, pretrial discovery and other proceedings, trial (including all phases, mini-trials or staged resolution procedures), appeal(s), settlement, ADR, mediation or arbitral processes, or administration of this litigation;

(4) Third parties retained by counsel for a party or by a party in this litigation as consulting expert(s) or expert witness(es) for the purposes of review, testing, evaluation or study of any matters or materials, including Discovery Materials, for the purpose of, *inter alia*, formulating any opinion or evidence or developing any work product associated with or in furtherance of case investigation, analysis, management and preparation, pretrial discovery and other proceedings, trial (including all phases, mini-trials or staged resolution procedures), appeal(s), settlement, ADR, mediation or arbitral processes, or administration of this litigation;

(5) Employees of Qualified Persons involved, with respect to this case solely in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data, or designating programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system, and employees of third-party contractors performing one or more of these functions;

(6) Any individually named party or agent, attorney or representative of a named party or any business entity party or its officers, employees, affiliates and/or subsidiaries, and their respective agents, attorneys, accountants or other representatives whose access to Protected Information is necessary for purposes of case investigation, analysis, management and preparation, pretrial discovery and other proceedings, trial (including all phases, mini-trials or staged resolution procedures), appeal(s), settlement, ADR, mediation or arbitration processes, or administration of this litigation;

(7) Any actual or prospective witness in this litigation, except that such a person may only be shown, be allowed access to and be allowed to review any matter or material designated in good faith by counsel as Protected Information during, or in preparation for his or her testimony, and only to the extent necessary for such preparation or testimony; and only after such person or its, his or her counsel has executed a Consent to be bound by the provisions of this Protective Order in the form and content substantially identical to Exhibit "A" attached hereto, and a record of which shall be preserved or maintained by the person or counsel obtaining and/or providing such Consent in the form of a log or index of all such Consents obtained or provided by such person or counsel, which log or index shall be subject to *in camera* examination by the Court for good cause shown; and

(8) Any other person who is designated as a Qualified Person by written authorization of the party whose counsel, in good faith, designated the Discovery Material as "CONFIDENTIAL" (as provided in Paragraph 3 hereof), or by order of this Court after notice to all parties and opportunity to be heard.

2. <u>SCOPE OF PROTECTIVE ORDER</u>

A. The procedures, requirements, conditions and other terms and provisions of this Protective Order shall govern the disclosure, production and use of any Discovery Material designated by counsel in good faith as Protected Information in the manner set forth herein, including, but not limited to, the procedures for designating Discovery Material as being subject to the terms and provisions hereof, the procedures for challenging designations of confidentiality and the terms and provisions hereof regarding the disclosure, production and use of Protected Information. Further, this Protective Order shall govern the post-trial use, disposition, return and/or destruction of all Protected Information disclosed, produced or used by the parties or other persons subject to this Protective Order during the course or as a result of this litigation. Protected Information designated in good faith by counsel as "CONFIDENTIAL" obtained through disclosures or discovery in this litigation shall not, under any circumstances, be disseminated or used by any party or person for any matter or purpose, or in any manner or context, beyond or outside the scope of the subject matters underlying and giving rise to the claims, defenses and issues in this litigation.

B. This Protective Order shall apply to all Protected Information disclosed or produced by or to any party or person subject to the terms and provisions hereof in response to or compliance with any manner, form, process or method of disclosures or discovery conducted by or involving any party or persons, including, without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, answers to requests for production and documents, data and tangible things produced in relation thereto and answers to requests for admission, directed, produced or otherwise exchanged, disclosed or revealed in the course of this litigation by or to any party (including each such party's counsel and experts) by or to any other party or, where applicable, such party's divisions, affiliates, subsidiaries and related entities, predecessors and successors.

C. The Protected Information covered by this Protective Order shall include all properly designated Discovery Material disclosed, produced to and/or used by any of the parties, or any persons subject to this Protective Order, at any time during the course of this litigation, regardless of whether the disclosure was made or the discovery was conducted prior to or after the execution and entry of this Protective Order. To this end, and to the extent applicable, a party may designate within thirty (30) days of the entry of this Stipulated Protective Order by the court, as "CONFIDENTIAL", in accordance with Paragraph 3.B. below, any documents already produced or disclosed in the course of discovery in this action that such party believes, in good faith, should be subject to the procedures, requirements, conditions, protections, restrictions, limitations and other terms and provisions hereof.

3. <u>DESIGNATION OF PROTECTED INFORMATION</u>

A. A party, or any third party, disclosing or producing Discovery Material that its counsel believes, in good faith, to be subject to the procedures, requirements, conditions, protections,

restrictions, limitations and other terms and provisions hereof, may, through counsel, designate such Discovery Material as Protected Information by marking it, clearly and conspicuously, as "CONFIDENTIAL" or by designating and providing notice, with sufficient detail, explanation and description, in writing (by correspondence, e-mail or otherwise) that some or all Discovery Materials disclosed or produced are "CONFIDENTIAL" and are, thus, claimed to constitute Protected Information hereunder. A party shall make a designation of "CONFIDENTIAL" only as to Discovery Material which that party's counsel reasonably and in good faith believes is confidential or proprietary and entitled to protection under Rule 26 of the Federal Rules of Civil Procedure and this Stipulated Protective Order.

B.      Except as provided in Paragraph 2.C. above, any such designation shall be made by the disclosing party's counsel at the time that disclosures are made or supplemented or that answers to interrogatories, answers to requests for production or answers to requests for admissions are served; or at the time, following inspection, that copies of documents, information, data or other discoverable materials are produced to a party serving and conducting such discovery; or at the time which Discovery Materials are otherwise disclosed or produced. In the case of a deposition, hearing or other transcript, a party claiming that Discovery Material contained therein is "CONFIDENTIAL" shall advise opposing counsel in writing of the specific pages or excerpts of such transcript to be treated as Protected Information within thirty (30) days after receipt of such transcript. All depositions and transcripts of hearings or other proceedings shall be treated as Protected Information for thirty (30) days after receipt of the transcript. Alternatively, Discovery Material disclosed or produced at or during a deposition may be designated by any party, upon the good faith belief of its counsel, as Protected Information by indicating on the record at the deposition that the specific portions of testimony are, or are to be considered, "CONFIDENTIAL" and thereby designated as being subject to the provisions of this Protective Order. Access to and use of Protected Information in depositions or other transcripts shall be restricted and limited as provided herein.

4.      USE OF PROTECTED INFORMATION

A.      All Protected Information produced, disclosed or to be used in this litigation shall be subject to the following conditions, requirements, protections, restrictions and limitations:

(1)     The Protected Information shall be obtained or used only for the purpose of this litigation and shall not be obtained or used for any other litigation, business or other matter or purpose whatsoever;

(2)     The Protected Information shall not be disseminated, distributed, reviewed, maintained, revealed, exchanged, shown or communicated in any way inconsistent with this Protective Order or to any person other than Qualified Persons, as defined in Paragraph No. 1.(E) hereof, each of whom upon receiving any Protected Information shall not make disclosures or production thereof to any

party or person except as allowed by, and under the terms and provisions of this Protective Order; and

(3)   This Protective Order does not either limit or restrict the right or entitlement of the producing party to use its own Protected Information for any purpose, or limit any party in using Discovery Material to which it has access or possession by other legitimate means.

B.   Protected Information may be disclosed, produced or otherwise revealed to any Qualified Person or any person who is an author or recipient of the material, including recipients of copies, or who has otherwise seen a copy of the material. Protected Information may also be disclosed, produced or otherwise revealed to any person referenced in any such material even if not an author or recipient of the material. If Protected Information pursuant to this Protective Order is shown, disclosed, produced or otherwise revealed to any person other than a Qualified Person or the author or recipient of a copy thereof, that person may not retain the material or a copy of the material. An author or recipient of the material or recipients of copies may retain the material or a copy of the material through the end of the litigation; provided, however, a log of these persons and the materials or copies retained by them shall be maintained by the providing party. The parties, their attorney(s) and expert witness(es) may retain copies of Protected Information through the end of the litigation, but shall be subject to the terms and provision(s) set forth herein in Paragraph 7.B. hereof.

C.   All or that portion of any pleading(s), motion(s), testimony, brief(s) or other documents or data compilations containing Protected Information shall be filed with the Court in a suitable, sealed envelope or container(s) designating all such material as being subject to this Protective Order, and when so filed, such envelope(s) or container(s) shall be made available to and opened only by personnel authorized by the Court. Nothing in this Protective Order, however, shall otherwise prohibit or restrict a party from presenting, using or referring to any Protected Information in the form of testimony or in documents, papers, or filings as part of any pretrial hearing or other proceeding conducted by this Court as long as that party notifies the designating party at least one (1) day prior to offering such information so that the designating party may ask the Court to make such inquiries, arrangements and ruling(s) as are necessary to ensure: (1) that only Qualified Persons are present when the Protected Information is disclosed, and (2) that hearing transcripts or exhibits are appropriately designated as containing Protected Information; provided, however, that, notwithstanding the preceding notice provision, to the extent a party desires to use Protected Information during any pretrial hearing or other proceeding conducted by this Court for cross-examination, rebuttal or other similar purposes, advance notification of the designating party is not required. In such instances, the party desiring to use such Protected Information shall seek, prior to its use, an *in camera* conference with the Court and counsel for the parties so the designating party may ask the Court to make such inquiries, arrangements, and rulings as are necessary to ensure that the confidentiality of such Protected Information is protected and the terms and provisions of this Protective Order are properly administered and enforced as necessary or appropriate.

6

D. Protected Information shall not lose its confidential or protected nature, character and treatment simply because any such information, matter or material is designated as an exhibit to a deposition, regardless of whether the deposition or deposition transcript itself is later designated, in whole or in part, as Protected Information.

E. At the request of any party, attendance at depositions may be limited and restricted to Qualified Persons and the attorney(s) for the deponent during the disclosures, production or use of Protected Information.

F. Nothing contained in this Protective Order, and no action taken pursuant to this Protective Order, shall prejudice the right of any party to urge or contest the alleged relevancy or admissibility of any Protected Information subject to this Protective Order. Inspection of Protected Information by the receiving party shall be conducted only by Qualified Persons who shall comply strictly with the terms of this Protective Order.

G. If Protected Information in possession of a party to this action is subpoenaed by any court, administrative agency, legislative body, or any other person not a party to this action, the party to whom the subpoena is directed shall immediately notify in writing counsel for the producing party, advising counsel of the response time for the order or subpoena. The responsibility for attempting to prevent the disclosure, production or use of such Protected Information shall exclusively rest with and be borne by the party who disclosed or produced the Protected Information, having designated it as "CONFIDENTIAL."

5. CHALLENGING "CONFIDENTIAL" DESIGNATIONS
   OF PROTECTED INFORMATION

If, subsequent to being provided any Protected Information, a party wishes to challenge any claim of confidentiality by counsel to another party, based on a good faith belief that the Discovery Material is not entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure, the objecting party may within thirty (30) days of receiving such information, provide written notice to the providing party that the receiving party in good faith denies that certain documents or other materials marked as confidential are entitled to such status and protection. If the parties are unable to reach an agreement as to the confidentiality of the Discovery Material at issue, they shall submit the matter to the Court for a determination of confidentiality within thirty (30) days. Unless the receiving party provides written notice challenging confidential status, as set forth above, all such information so marked shall be deemed to be confidential.

6. INADVERTENT OR UNINTENTIONAL DISCLOSURE

A. Any inadvertent or unintentional disclosure of confidential and privileged Discovery Material or Protected Information will not be construed as a waiver, in whole or in part, of (1) a party's claims of confidentiality either as to the specific material or

7

information inadvertently or unintentionally disclosed or produced or as to any other such material or information disclosed or produced prior to or after that date, or (2) a party's right to designate such material or information "CONFIDENTIAL" pursuant to this Protective Order, if, within 10 days of discovering the inadvertent or unintentional disclosure, the disclosing party designates such material or information "CONFIDENTIAL" pursuant to this Protective Order.

      B.    If Discovery Material or Protected Information is disclosed or produced to any party or person(s) other than in the manner contemplated and authorized by this Protective Order, the disclosing party or person(s) must immediately bring all pertinent facts relating to such unauthorized disclosure or production to the attention of counsel for all other parties and, without prejudice to other rights, protections and remedies of any party, make a good faith effort to retrieve the material or information and prevent further disclosure or production.

      C.    The inadvertent disclosure or production of any Discovery Material or Protected Information shall be without prejudice to any claim that the material or information is privileged under the attorney-client or other privilege or protected from disclosure or discovery as work product, and no party shall be deemed or held to have waived, relinquished or jeopardized any rights, remedies, entitlements, privileges, immunities or protections by such inadvertent disclosure.  Upon written request by the inadvertently producing party, the receiving party shall return the original and all copies of such Discovery Material and/or Protected Information within ten (10) days of receiving the request, and shall not retain any copies, abstracts, outlines, summaries, excerpts, composites or compilations of such material or information.

      D.    Any unauthorized or inadvertent disclosure or protection by any party, or other person subject to this Protective Order, shall not be deemed as, nor shall it constitute, a waiver of the right, authority and ability of such party or person, or their counsel of record, or other attorney(s), to assert the rights and requirements and invoke the protections, restrictions and limitations and other terms and provisions of this Protective Order.

7.    <u>GENERAL PROVISIONS</u>

      A.    Any of the parties to this litigation may by written agreement or a motion to the Court, seek a modification or supplement to this Protective Order.

      B.    This Protective Order shall remain in effect after the conclusion of this litigation. Within ninety (90) days after the conclusion of this litigation (including any appeal), and subject to further order of this Court or written stipulation of the parties, upon written request by any party to another party or person subject to this Protective Order, each such party or person shall either (1) return to the requesting party or (2) destroy all Protected Information that was produced, disclosed, used or otherwise revealed by, obtained from or exchanged by or between any other party or person in relation to this litigation, provided, however, that the parties' attorneys, and the attorneys only, may retain a complete set of all Protected Information for a period of one year after the conclusion of this litigation (including any appeal from any judgment) and such attorneys shall continue to be subject to all of the terms and provisions of this Protective Order.  The terms or requirements of this Paragraph 7.B. include, and shall

8

require the return of or certification of counsel of the destruction of, all notes, memoranda, abstracts, compilations, composites, excerpts, inventories, indices, outlines, logs, worksheets, summaries or other documents containing information or data designated as and constituting Protected Information (excluding pleadings, attorney notes and work product) in the possession, custody or control of any party or person who has or has had access to such material or information, including without limitation each party's attorneys, witnesses and experts.

      C.     Protected Information disclosed, produced, divulged or otherwise revealed, in whole or in part, in relation to or as a result of this litigation, shall be used exclusively and solely for purposes of this litigation and not for any other reason or purpose including, without limitation, any use by counsel or attorney(s), or by any party or experts in related or unrelated causes of action or proceedings of any kind or character, unless otherwise stipulated or agreed by the affected parties or so ordered by this Court.  Nothing in this paragraph shall be construed to limit, restrict or prohibit in any way the right of any party to use Protected Information to which it has access by other legitimate means.

      D.     The Court will prescribe procedures as it deems reasonable and necessary with respect to Protected Information at any trial of this litigation.

      E.     Nothing in this Protective Order is intended to be and shall not be construed to be a waiver by any party of its claims, defenses or objections regarding the discoverability or admissibility at trial of any material or information sought by discovery or required for disclosures in this litigation.

      F.     Any party or any person subject to this Protective Order may disclose or produce its own Discovery Material or Protected Information which it has disclosed or produced in this litigation to any other party or person without complying with the terms or provisions of this Protective Order.

      G.     The stipulations and agreements of the parties, as reflected in and memorialized by the terms and provisions of this Protective Order, are intended solely to facilitate the preparation for and trial of this litigation and shall not constitute or be construed in any way as an admission, understanding, agreement or concession by any other party that such disclosed or produced material or information constitutes, contains or concerns any trade secret or confidential, proprietary or competitively or commercially sensitive documentation, information or data as contemplated by law.

      H.     Failure by a party or person subject to this Protective Order to comply, in whole or in part, with the terms and provisions hereof shall not be deemed a waiver of such party's or person's rights or abilities to implement, invoke and obtain the benefit of the protections, limitations, obligations or requirements set forth herein.  The remedy for any breach hereof shall be in accordance with Rule 70 of the Federal Rules of Civil Procedure.

9

Dated this 10th day of March, 2011.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge

**STIPULATED PROTECTIVE ORDER APPROVED:**

| | |
|---|---|
| s/   John S. Zakhem, Esq. | s/Kathleen L. Spalding |
| John S. Zakhem, Esq., #30089 | Kathleen L. Spalding |
| John L. Skari, Jr., Esq., #40209 | Senior Assistant Attorney General |
| Zakhem Law, LLC | 1525 Sherman Street, 7th Floor |
| 700 17th Street, Suite 2000 | Denver, Colorado  80203 |
| Denver CO 80202 | Telephone:  303-866-4519 |
| Phone (303) 228-1200 | FAX:  303-866-5443 |
| jzakhem@zakhemlaw.com | E-Mail:  kit.spalding@state.co.us |

**ATTORNEYS FOR PLAINTIFF**        **ATTORNEY FOR DEFENDANTS**